IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

KENNY F. EDMONSON                                                   PETITIONER

VERSUS                                    CIVIL ACTION NO. 4:08cv122-HTW-LRA

JOHN S. FARRIOR                                                RESPONDENT

**OPINION AND ORDER**

On October 29, 2008, the petitioner filed a petition for habeas relief and paid the filing fee. An order [3] was entered on November 20, 2008, directing the petitioner to file a written response on or about December 12, 2008. The petitioner failed to comply with that order. In fact, the docket entry of December 1, 2008, reflects that the envelope containing the order [3] was returned with a notation "Return to Sender - no longer here - attempted - not known - unable to forward."

Out of an abundance of caution, this Court entered an order to show cause [5] on February 3, 2009. The order to show cause [5] directed the petitioner to file a response on or before February 18, 2009. However, on February 11, 2009, the envelope [6] containing the order to show cause [5] was returned once again with a notation "return to sender - no longer here - not deliverable as addressed - unable to forward." Even though the petitioner has failed to provide this Court with a change of address, this Court determined that a second order to show cause was necessary.

Therefore, a second order to show cause [7] was entered on March 25, 2009, directing the petitioner to respond on or before April 9, 2009. This second order to show cause [7] was mailed to the petitioner at his last known address. The envelope [8] containing the order to show cause [7] was returned to this Court on April 1, 2009, with a notation "Return to Sender - Not Deliverable as Addressed - Unable to Forward." The petitioner has litigated numerous civil

actions in this Court and is therefore aware of his responsibility to keep this Court informed of any change of address.

The petitioner has failed to communicate with the Court since he filed in the instant habeas petition on October 29, 2008, either to inquire as to the status of her case or to provide the Court with a current address. It is apparent from the petitioner's failure to communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the petitioner's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. Link, supra, 370 U.S. at 630.

Since the respondent has never been called upon to respond to the petitioner's pleading, and has never appeared in this action, and since the Court has never considered the merits of petitioner's claims, the Court's order of dismissal will be without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this Opinion and Order will be entered.

This the 18th day of June, 2009.

> s/ HENRY T. WINGATE
> CHIEF UNITED STATES DISTRICT JUDGE